IN THE CIRCUIT COURT OF CAPE GIRARDEAU COUNTY

| | |
|---|---|
| GREGORY RUTLEDGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No.: |
| SUNBELT RENTALS, INC. | ) |
| | ) |
| Defendant. | ) |
| **Serve at:** 861 S. Kingshighway St. | ) |
| Cape Girardeau, MO 63703 | ) |

## **PETITION FOR PERSONAL INJURY**

COMES NOW Plaintiff Gregory Rutledge, by and through his attorneys, Osburn, Hine & Yates, L.L.C., and for Plaintiff's Petition and cause of action against Defendant Sunbelt Rentals, Inc., ("Sunbelt") states to the Court as follows:

1. At all times relevant herein Plaintiff Gregory Rutledge was a resident of Scott County and a citizen of the State of Missouri.

2. Defendant Sunbelt Rentals, Inc. is a corporation registered to do business in the State of Missouri and was transacting business within the State of Missouri and is thereby subjected to jurisdiction of this court under Section 506.500 RSMo.

3. Venue is proper in this county as Plaintiff's cause of action for personal injury arises out of an accident that occurred in Cape Girardeau County.

4. On or about April 2, 2019, Rutledge was hired by Matthew Butler to do demolition work at a private residence in Cape Girardeau, Missouri.

5. Rutledge was tasked to cut a trench in a concrete floor in order to replace a pipe beneath.

EXHIBIT A

6. Matthew Butler provided Rutledge with a Husqvarna Model K 4000 Electric Power Cutter (Husqvarna tool) which was rented from Sunbelt Rentals, Inc.

7. The Husqvarna tool uses water along with an electric blade to cut into concrete.

8. The Husqvarna tool had black electrical tape around the power cord at the time it was rented from Sunbelt.

9. Rutledge had been operating the Husqvarna tool for approximately thirty minutes when he was electrocuted.

10. Rutledge was unable to let go of the Husqvarna tool as the electricity traveled from the tool and through his body. He was unable to see and unable to move. Finally, a breaker tripped and power to the Husqvarna tool was ceased.

11. Rutledge suffered serious and disabling permanent injuries as more fully described herein.

12. The manufacturer's operating manual for the Husqvarna tool states "Never use the product if the cord is damaged, you must hand it to an approved service workshop for repair."

13. The Husqvarna tool's power cord exhibited modifications consistent with an attempted electrical repair. Specifically, the power cord was cut and the internal electrical conductors were mechanically spliced using crimp-type butt connectors and black, vinyl tape was wrapped around the spliced connecters at the repair site.

14. Sunbelt rented out the Husqvarna tool in the above-described condition despite the fact that the condition violated the cord's designed rating for use in wet locations and the fact that it violated the manufacturer's warnings.

EXHIBIT A

15. At all times relevant herein Sunbelt had a duty to maintain, inspect, repair, upkeep, provide safe equipment and to otherwise safeguard the general public, including Gregory Rutledge, from injuries and damages caused by the Husqvarna tool Sunbelt held out for rental.

16. Sunbelt breached its duties to Gregory Rutledge and was thereby negligent in one or more of the following respects:

   a. Failing to inspect the Husqvarna tool to ensure that it worked properly and safely prior to renting the tool to a customer;

   b. Failing to properly repair and maintain the Husqvarna tool according to the manufacturer's instructions;

   c. Failing to properly maintain the Husqvarna tool in proper working order for its reasonably expected use; and

   d. Failing to adequately warn of the Husqvarna tool's dangerous and hazardous condition.

17. Sunbelt knew or had information from which it, in the exercise of ordinary care, should have known that the attempted electrical repair constituted a dangerous condition.

18. Sunbelt could not have expected a customer to realize the Husqvarna tool altered power cord constituted a dangerous condition.

19. As a direct and proximate result of the aforesaid negligence and carelessness of Sunbelt, Gregory Rutledge suffered injuries and damages, including, but not limited to, injury to his left shoulder, elbow, and wrist with accompanying numbness, tingling, weakness, loss of sensation, loss of motion, inability to bear weight, aches, and severe pain.

EXHIBIT A

20. As a direct and proximate result of the aforesaid negligence and carelessness of Sunbelt, Gregory Rutledge has also suffered from episodes of disorientation, confusion, dizziness, and difficulty speaking. He continues to have visual difficulties including light sensitivity in his left eye.

21. Gregory Rutledge has suffered severe pain and will suffer future pain. Additionally, Mr. Rutledge has suffered and will suffer from other serious medical conditions secondary to electrical shock.

22. Gregory Rutledge's ability to work, labor, and enjoy life has and will be impaired. Treatment of the above-mentioned injuries has required medical attention and incurred health care related expenses and may require further medical treatment.

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant in an amount that is fair and reasonable in excess of Twenty-Five Thousand Dollars ($25,000.00), plus costs and for such other orders as this Court deem just under the circumstances.

        Respectfully submitted,

        OSBURN, HINE & YATES, L.L.C.
        3071 Lexington Avenue
        Cape Girardeau, Missouri 63701
        Telephone: (573) 651-9000
        Fax: (573) 651-9090
        Email: jhine@ohylaw.com

        By: /s/ Jeffrey P. Hine
            Jeffrey P. Hine, #34026
            *Attorneys for Plaintiff*

EXHIBIT A

IN THE CIRCUIT COURT OF CAPE GIRARDEAU COUNTY

GREGORY RUTLEDGE, )
)
   Plaintiff, )
)
v. )
) Case No.: 21CG-CC00041
SUNBELT RENTALS, INC. )
)
   Defendant. )

## NOTICE

TO:   Jonathan Barton
        8000 Maryland Avenue, Suite 450
        St. Louis, Missouri 63105

The enclosed summons and petition are served pursuant to Missouri Supreme Court Rule 54.16.

You may sign and date the acknowledgement part of this form and return one copy of the completed form to the sender with thirty days of March 4, 2021.

If you are served on behalf of a corporation, unincorporated association, including a partnership, or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within thirty days, you or the party on whose behalf you are being served may be required to pay any expenses incurred in serving a summons and petition in any other manner permitted by law.

If you do complete and return this form, you or the party on whose behalf you are being served must answer the petition within thirty days of the date you sign the acknowledgment below. If you fail to do so, judgment by default may be taken against you for the relief demanded in the petition.

I DECLARE, UNDER PENALTY OF PERJURY, THAT THIS NOTICE WAS MAILED ON March 4, 2021.

_____
Signature

EXHIBIT A

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND PETITION

I declare, under penalty of filing a false affidavit, that I received a copy of the Summons and of the Petition in the above captioned matter.

*[Signature]*

Signature

Stanton |Barton LLC
8000 Maryland, Suite 450
St. Louis, Missouri 63105
Counsel for Subelt Rentals, Inc.

Relationship to Entity/Authority
Receive Service of Process

3-15-2021
Date Signed

EXHIBIT A