**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| GREGORY RUTLEDGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:21-CV-46-SNLJ |
| | ) | |
| SUNBELT RENTALS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff moves for leave to file an amended complaint [Doc. 29].  Plaintiff's motion is fully briefed.  Because plaintiff has not shown good cause to modify the scheduling order, the Court will deny the motion.

This is a personal injury case.  Defendant Sunbelt Rentals, Inc. leases electric tools and equipment.  Plaintiff Gregory Rutledge alleges that an electric concrete saw—rented from defendant by third-party defendant Matthew Butler—injured him when he used it. Plaintiff alleges that defendant negligently failed to inspect and maintain the saw before they rented it out.  Under this Court's scheduling order, [Doc. 23], the parties were given until March 4, 2022 to join additional parties and amend pleadings.  Over three months later, plaintiff now seeks leave of Court to amend his complaint to add an entirely new party with an entirely new claim against defendant.  For the reasons stated below, the motion is denied.

## I.    Standard

Because plaintiff asks to amend a pleading after the deadline set in the Case Management Order [Doc. 27], plaintiff must satisfy Federal Rule of Civil Procedure 16(b)'s good-cause standard. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Id.* at 716–17 (*quoting Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)). "Good cause may be shown by pointing to a change in the law, newly discovered facts, or another significant changed circumstance that requires amendment of a party's pleading." *Ellingsworth v. Vermeer Mfg. Co.*, 949 F.3d 1097, 1100 (8th Cir. 2020) (citing *Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012)).

## II.    Discussion

Plaintiff seeks to file an amended complaint to add his wife as a new party and to allow her to bring a loss of consortium claim stemming from plaintiff's alleged April 2, 2019 injuries.  Under Missouri law, a loss of consortium claim is "a separate, distinct, and personal legal claim, and is derivative only in the sense that it must be occasioned by a spouse's injury." *Wendt v. General Acc. Ins. Co.*, 895 S.W.2d 210, 214 (Mo. App. E.D. 1995) (en banc)).  Thus, plaintiff not only seeks to add a new claim, but a new party to the litigation as well.  Plaintiff does not contest that his wife was aware of his injuries the day they occurred and that she knew that plaintiff had retained a lawyer shortly thereafter.

Plaintiff makes no showing of good cause. Instead, plaintiff asserts—over defendant's protests to the contrary—that defendant would face no prejudice by adding plaintiff's wife to the amended complaint. Even if it were true that defendant would not be prejudiced, Rule 16(a) requires a showing of "good cause" by pointing to a change in law, discovered facts, or circumstances that justifies modifying the scheduling order. "Good cause" requires a greater showing than just "mere absence of prejudice." *See Sherman*, 532 F.3d at 717 ("While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, we will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines."). Plaintiff provides no explanation for his lack diligence in complying with the Scheduling Order, and he has not shown good cause as to why he did not add his wife as a party sooner.

Plaintiff failed to establish, at the time he filed his reply brief on July 7, 2022, any change in law or fact to show good cause for why the Scheduling Order should be amended. Because even more time has passed as the motion pended, there is even less reason to grant the motion now. At this stage in the litigation, per the Court's Scheduling Order, plaintiff should have provided defendant his list of expert witnesses (July 15, 2022) and given defendant the opportunity to depose them (August 15, 2022). Despite plaintiff's insistence, adding a new claim and a new plaintiff would cause unnecessary delay. Indeed, plaintiff candidly accepts the finding that his delay in amending the complaint is not "good cause" that justifies changing the scheduling order. [Doc. 31, at 2].

3

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to file an amended complaint [Doc. 29] is DENIED.

So ordered this 19th day of August 2022.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE