UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| GREGORY RUTLEDGE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:21-CV-46-SNLJ |
| SUNBELT RENTALS, INC. | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

This is a personal injury action between plaintiff Gregory Rutledge and defendant Sunbelt Rentals, Inc. Plaintiff claims that he was injured by an electrical shock while using a power saw rented from defendant. *See generally,* [Doc. 3.] Plaintiff moves for a protective order to prevent a mental examination by defendant's retained expert. [Doc. 51.] Defendant argues that this motion be denied and moves for an order compelling plaintiff to appear for a mental exam and also for an award of costs incurred. [Doc. 55.] Plaintiff did not file a reply, and the time for doing so has passed.

**Facts**

Plaintiff claims that he was injured from electrical shock from defendant's defective power saw. [Doc. 3.] He claims injury to "his left shoulder, elbow, and wrist with accompanying numbness, tingling, weakness, loss of sensation, loss of motion, inability to bear weight, aches, and severe pain." [Doc. 3 at ¶ 19.] Plaintiff also pleads that because

of the incident he "suffered from episodes of disorientation, confusion, dizziness, and difficulty speaking," and that he "continues to have visual difficulties including light sensitivity in his left eye." *Id.* at ¶ 20. Defendant argues that these claimed injuries are neurological, so plaintiff has put his neurological and cognitive functioning at issue. [Doc. 55 at ¶ 3.]

Defendant identified Robert Fucetola, Ph.D., as its retained expert in defendant's Supplemental Rule 26(a)(1) disclosures, which plaintiff received on December 2, 2022. [Doc. 55 at ¶ 7.] Plaintiff also received Dr. Fucetola's curriculum vitae and fee schedule on that date. On December 30, 2022, Plaintiff's counsel agreed to submit plaintiff to an exam with Dr. Fucetola, scheduling the exam for March 8, 2023. Defendant claims that in the ensuing months plaintiff gave no objection to either Dr. Fucetola or the exam, but then moved for a protective order on March 7, 2023—the day before the scheduled exam.

**Discussion**

Plaintiff contends that he should not have to submit to a mental examination because his mental condition is not at issue. [Doc. 51 at ¶ 3.] He also objects to an examination by a "non-licensed medical doctor." *Id.* at ¶ 4. Finally, plaintiff argues that Federal Rule of Civil Procedure 35—the Rule for physical and mental examinations—allows for mental examinations "limited to the issue of a person's mental capacity." *Id.* at ¶ 5. Plaintiff's interpretation of Rule 35 is incorrect. Federal Rule of Civil Procedure 35(a), which governs physical and mental examinations, allows a court to order a party "whose mental or

2

physical condition. . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." The Court agrees with defendant that plaintiff has put his neurological and cognitive functioning at issue in this case, as seen in his pleadings. Again, plaintiff pleads that he "suffered from episodes of disorientation, confusion, dizziness, and difficulty speaking," and that he "continues to have visual difficulties including light sensitivity in his left eye." [Doc. 3 at ¶ 20.] This implicates plaintiff's neurological and cognitive functioning.

Because plaintiff has put his neurological and cognitive functioning is issue, plaintiff's motion for a protective order has no merit. Rule 35 allows for plaintiff to submit to a mental examination by a suitably licensed examiner. Plaintiff has failed to articulate a reason why Dr. Fucetola is not qualified to conduct a neurological exam apart from plaintiff's objection that Dr. Fucetola is not a licensed physician or surgeon. But plaintiff does not explain why Dr. Fucetola, a licensed neuropsychologist, is unqualified to perform a mental exam. Because plaintiff did not file a reply nor rebut defendant's assertions, and finding just terms for doing so, the Court will deny plaintiff's motion for a protective order and grant defendant's request for an order to compel a mental examination. *See* Fed. R. Civ. P. 26(C)(3) ("If a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery.")

Defendant also seeks an award of its expenses according to Federal Rule of Civil Procedure 37(a)(5), which governs an award of expenses when a party moves for an order compelling discovery. Federal Rule of Civil Procedure 26(c)(3), which deals with awards

3

of expenses related to motions for protective orders, imports the award-of-expenses provisions of Rule 37(a)(5). Under that rule, the Court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B).

However, because plaintiff made a substantially justified claim that his mental condition was not an issue and proposed that defendant's expert was unqualified to perform a physical exam because he was not a medical doctor, the Court will deny defendant's request for an award of expenses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for a protective order [Doc. 51] is DENIED and that plaintiff submit to an exam by defendant's expert, Dr. Fucetola, at a date, time, and place mutually agreed upon by the parties.

**IT IS FURTHER ORDERED** that defendant's request for sanctions is DENIED.

Dated this 14th day of April, 2023.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE